# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GUADALUPE CARILLO,** )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>**HY CITE ENTERPRISES LLC, Individually** )<br>**and d/b/a ROYAL PRESTIGE and ROYAL** )<br>**PRESTIGE** )<br>　　Defendants. ) | Court No.:　1:25 cv 000624 |

## HY CITE ENTERPRISES, LLC'S
## AMENDED RULE 26(A)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant **HY CITE ENTERPRISES LLC, Individually and d/b/a ROYAL PRESTIGE and ROYAL PRESTIGE** ("Hy Cite"), hereby makes the following initial disclosures. These initial disclosures have been prepared prior to the completion of Hy Cite's investigation, discovery, and preparation for trial in this action and are based on the information that is currently reasonably available and known to Hy Cite. Hy Cite reserves its right to amend or supplement these initial disclosures. Hy Cite's initial disclosures are for the purpose of discovery only and are not an admission or acceptance that any disclosure, fact, or document is relevant, discoverable, or admissible in evidence. Hy Cite reserves its right to object to the discoverability or admissibility of any disclosure, fact, or document at the time of trial or any pre-trial proceeding.

### 1.　　INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Hy Cite identifies the following individuals that are likely to have discoverable information that Hy Cite may use to support its claims or defenses:

(a) Plaintiff Guadalupe Carrillo ("Plaintiff"). Hy Cite anticipates that Plaintiff will have discoverable information including, but not limited to, the circumstances and cause of the alleged incident, any alleged injuries, treatment and damages.

(b) Hy Cite corporate designee(s) to be named upon receipt of Plaintiff's Fed. R. Civ. P. 30(b)(6) Deposition Notices (information including, but not limited to, Hy Cite's corporate history, corporate policies, procedures, and daily operations, a description of Hy Cite's processes for the design, manufacture, and sale/distribution of their products, the reasonably anticipated and recommended uses for their products, all matters relevant to the products allegedly at issue herein, and all matters addressed in their depositions if taken herein as well as information relating to the Royal Prestige pressure cooker at issue).

(c) Plaintiff's expert(s) (information which these individuals are likely to have cannot be determined at this time).

(e) Presently undetermined corporate representatives of Hy Cite. The witness(es) is/are expected to testify concerning their background, education, training, and employment history, their professional background and history, their companies' business, policies, and processes, all issues related to Plaintiff's claims directed against the defendants in plaintiff's Complaint, all subjects covered in their depositions if taken herein and, generally, the matters alleged in Plaintiff's Complaint and all matters relevant to the instant lawsuit. Their testimony is expected to include but is not limited to a description of their companies' processes for the design, manufacture, and sale/distribution of their products, the reasonably anticipated and recommended uses for their products, all matters relevant to the products allegedly at issue herein, and all matters addressed in their depositions if taken herein.

(f) All treating physicians, attending physicians, healthcare professionals, or other individuals who provided or intend to provide medical treatment of any kind to Plaintiff, including, but not limited to, those individuals who may be identified in Plaintiff's discovery responses, bill of particulars, medical records, deposition testimony and expert reports (information including, but not limited to, any alleged injuries, treatment and damages).

(g) All employees, agents, servants or independent contractors of all hospitals, healthcare centers, pharmacies, laboratories, visiting nurses associations, home health care services, ambulance services, and any other entity from which Plaintiff received care or treatment, including, but not limited to, those which may be identified by the Plaintiff in discovery (information including, but not limited to, any alleged injuries, treatment and damages).

(h) All individuals and fact witnesses named in the parties' initial disclosure statements as well as in any deposition, interrogatory answers, responses to document requests, requests for admissions or other discovery in this matter (information which these individuals or entities are likely to have cannot be determined at this time).

As this matter remains in the preliminary stage of discovery, Hy Cite specifically reserves the right to amend, modify or supplement this list of witnesses, who may support its defenses. Hy Cite also specifically reserves the right to identify and call as witnesses each and every person identified by Plaintiff and Co-Defendant in this action. Hy Cite further reserves the right to call expert witnesses and use expert testimony at trial.

**2. HY CITE IDENTIFIES THE FOLLOWING NON-PRIVILEGED DOCUMENTS THAT IT MAY USE TO SUPPORT ITS CLAIMS AND DEFENSES**

The following is a description by category and location of documents, electronically-stored information and tangible things in the possession, custody or control of Hy Cite that Hy Cite may

156739032.1

use to support its claims or defenses: (i) Product design specs from Hy Cite; (ii) Pressure Cooker Manuals, brochures and cooking instructions; (iii) Pressure Cooker comparison report and certificate of compliance issued to Zhejiang Suntrue cookware Co., LTD.; (iv) Pressure Cooker Product Safey Training and Sales Practices Documents; Product notes; Stating further, there is insufficient information available at this time to determine Plaintiff's theory of liability against Hy Cite. Therefore, Hy Cite is unable at this time to specifically identify all documents, electronically stored information, or tangible items that it may rely upon to support a defense against Plaintiff's claims.

Hy Cite objects to the disclosure of any documents, electronically stored information, or tangible items concerning products not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Further, Hy Cite and its counsel may be in possession, custody or control of correspondence, notes, memoranda, and/or other documents between Hy Cite and its counsel, which may have been created in anticipation of, or during the course of, this litigation, relating to this matter and the facts and circumstances at issue herein, over which a claim of privilege and work product is asserted.

Hy Cite also specifically reserves the right to offer and use as evidence all documents identified and disclosed by the parties to this action and/or non-party witnesses in this action. Hy Cite further reserves the right to call expert witnesses and use expert testimony at trial, including all documents identified by or relied upon by any party's expert witness(es).

Hy Cite may offer into evidence any of the following documents to support its claims or defenses: (1) all documents disclosed by plaintiff; (2) Any and all documents and tangible things disclosed or produced by the parties during discovery and/or produced in response to subpoenas or letter requests served in this action including, but not limited to, specifications, marketing

156739032.1

records, sales records, design records, maintenance records, reports, agreements, assignments of rights, copyrights, photographs, video tapes, bills and invoices, and all other documents and tangible things obtained from any source.; (3) Plaintiff's, third-party defendants', and codefendants' responses to written discovery including interrogatories, responses to requests for production of documents and tangible things, responses to any other formal/informal discovery requests, and all supplements and attachments to the foregoing; (4) all photographs of Plaintiff's claimed injuries; (5) Plaintiff's employment records; (6) any and all medical records of any kind concerning Plaintiff, including but not limited to treatment records, bills for treatment, diagnostic films, x-rays, and scans; (7) photographs, catalogs, diagrams, product specifications, design documents, and technical information relating to pertinent Hy Cite products (to be produced pursuant to Protective and Confidentiality Order); (8) testimony by parties, non-parties, and expert witnesses; (9) any item relied upon by any party's expert or non-expert witness; (10) any and all exhibits necessary for purposes of rebuttal or impeachment of any witness, testimony, or evidence; (11) any and all exhibits necessary for purposes of admission, exclusion, or disqualification of any witness, testimony, or evidence; (12) as this matter remains in the preliminary stages of discovery, Hy Cite specifically reserves the right to amend, modify or supplement this list of documents, which may support its defenses. In accordance with Rule 26(e), Hy Cite shall supplement and/or amend this provision immediately upon discovery of any documents, electronically stored information, or tangible items that become relevant and available during discovery.

    3.    **COMPUTATION OF DAMAGES**

As Hy Cite is a defendant in this action, it will not be providing a computation of damages. This response, however, does not waive any right or interest Hy Cite may have in asserting a claim

for damages, attorneys' fees, costs of suit, cross claim, counterclaim or third-party claim that may be appropriately asserted once the merits of the claims asserted against it are adjudicated.

4. **INSURANCE AGREEMENTS**

Hy Cite states that it maintained a liability insurance policy will produce a copy of the Declaration Page of its policy of insurance with the amount of the premium redacted.

In providing the disclosures herein, Hy Cite has complied with the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure. Hy Cite's investigation and discovery in this action are continuing and it reserves the right to amend, modify or supplement these disclosures as it may deem necessary and appropriate, up to and including at the time of trial, based upon discovery of additional information and/or documents.

Dated: May 12, 2025

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

**/s/ Jordan W. LaClair**
One of the Attorneys for the Defendant

Timothy J. Young (ARDC No. 6192231)
Jordan W. LaClair (ARDC No. 6309499)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, IL 60661
(312) 345-1718 Telephone
(312) 345-1778 Facsimile
Tim.Young@lewisbrisbois.com
Jordan.LaClair@lewisbrisbois.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed with the Clerk of U.S. District Court for the Northern District of Illinois on May 12, 2025. All ECF users receive electronic notification of this filing.

/s/ Jordan W. LaClair